GEORGE A. GODFREY, Plaintiff, *v.* HERBERT B. NEWMAN and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, February 13, 1930.

*Bernard Naumburg*, for the plaintiff.

*Bouvier, Beale & Langstaff*, for the defendants.

CHILVERS, J. The plaintiff had a marginal speculative account with the defendants, who are stockbrokers. The transactions between them were begun and continued under an agreement which provides that reasonable calls must be made for more margin when, in the opinion of the defendants, the margin becomes insufficient, and, further, that the securities can be sold " at public or private sale without notice or call for margins  *  *  *  if at any time their current market value shall not exceed 110% of " the indebtedness of the plaintiff to the defendants. Last October, in a wildly fluctuating market, the value of the plaintiff's securities fell below the required 110 per cent, and the defendants sold them without notice. The plaintiff seeks to recover damages, claiming the sale was wrongful. Very shortly before the selling out, the plaintiff had called up the " customers' man " of the defendants and said: " I wish you would look at my account and see how it is," to which the customers' man had replied: " That is not necessary, don't worry; if they want money you will hear from them."

The defendants were authorized by the special contract to sell the securities without notice when their value reached a certain point. There is nothing against public policy in holding the parties bound by this contract that they themselves made. There is ordinarily an implied duty to call for more margin when the agreement is that the customer will maintain his margin, and there is ordinarily an implied duty to give notice of sale, so that the customer may have the opportunity of preventing a loss; but these implications have no place here, because the parties expressly agreed otherwise.  A contractual duty will not be implied when the absence of it is clearly expressed.

The conversation between the plaintiff and the defendants' customers' man did not change the reciprocal rights and duties of the parties, and cannot, therefore, be the basis of the action. Assuming that the customers' man had authority to contract, there was no new contract or modification of the old one, because, in either event, a consideration is lacking to make it valid. What the customers' man said did not amount to a waiver of an existing power to sell, which might be good without consideration, because it does not appear that the account was then under the required percentage; if it should be claimed that it amounted to a waiver of the right to sell when that percentage would be reached, we would then have

a modification of the contract that is invalid, because lacking consideration.

Nor could it be effectively contended that the conversation can predicate an estoppel on the defendants. The plaintiff was, or should have been, aware of the provision in his contract under which the securities might be sold without notice the moment their value fell below the 110 per cent. In the panicky condition of the market at the time, that might have been reached any moment. He, in reasonableness, could not rely on the stability of any given factor for any space of time; nor could he reasonably expect the defendants in a toppling market to hold off selling, for their protection and possibly for his own. In fact, he himself would possibly have allowed the securities to go, with the hope of repurchasing at a lower figure, and thus recouping his loss. That is conjectural, of course, and, in retrospect, he has suffered damage. But I cannot see the breach of any legal duty by the defendants. Damages without such breach cannot be compensated at law. I will, therefore, give judgment for the defendants.